# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| FREDRICK D. FRANKLIN, | No. CV 08-04126-AHM (VBK) |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| LOS ANGELES SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

**I**

## INTRODUCTION

Fredrick D. Franklin (hereinafter referred to as "Plaintiff) filed a civil rights complaint pursuant to 42 U.S.C. §1983 in the United States District Court for the Central District of California on June 30, 2008, pursuant to an "Order re Leave to File Action Without Prepayment of Full Filing Fees."

Plaintiff alleges that Defendants Compton Sheriff's Department and various John Doe Sheriff's officers violated his constitutional rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that Defendants used unreasonable and unnecessary force that caused injury to Plaintiff.

Defendants' actions constituted police brutality. (Plaintiff's Complaint at 3-10.)

## II

### STANDARD OF REVIEW

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court must screen the Complaint to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. §1997e(c)(1); see also 28 U.S.C. §§1915A, 1915(e)(2)(B).

The Court's screening of the Complaint is governed by the following standards.  A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Since Plaintiff is appearing pro se, the Court must construe the allegations of the pleadings liberally and must afford Plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988).  Moreover, in determining whether a complaint states a claim upon which relief may be granted, allegations of material fact are taken as true and construed in a light most favorable to the plaintiff.  See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

After careful review of the Complaint under these standards, the Court finds that the Complaint is time-barred.  The Court therefore orders Plaintiff to show cause, on or before August 9, 2008, why this Court should not recommend dismissal with prejudice based on

1  expiration of the statute of limitations.

2

3                                    III

4                       **STATUTE OF LIMITATIONS**

5          Plaintiff's  Complaint  is  against  Defendants  Compton

6  Sheriff's Department and John Does (Sheriff Officers) pursuant to 42

7  U.S.C. §1983 for an incident that occurred on June 4, 2005.  State

8  statutes of limitations for personal injury actions apply to claims

9  brought pursuant to the Federal Civil Rights Act, 42 U.S.C. §1983.

10 Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254

11 (1985); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.

12 1995); Usher v. City of Los Angeles, 828 F.2d 556 (9th Cir. 1987).

13        Federal  civil  rights  claims  are  subject  to  the  forum  state's

14 statute of limitations applicable to personal injury claims.  Wilson

15 v. Garcia, 471 U.S. 261, 279-80, 105 S.Ct. 1938, 85 L.Ed. 2d 254

16 (1985); Owens v. Okure, 488 U.S. 235, 249, 109 S.Ct. 573, 102 L.Ed. 2d

17 594 (1989); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  In

18 California, this period is two years.  (Cal. Code of Civil Procedure

19 §335.1.)

20        While state law determines the applicable statute of limitations

21 in  a  civil  rights  action,  federal  law  determines  when  a  cause  of

22 action accrues, and when the applicable limitations period begins to

23 run.  See, Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th

24 Cir. 1991), cert. denied, 502 U.S. 1091 (1992); Briley v. California,

25 564 F.2d 849, 854-55 (9th Cir. 1977).  A cause of action accrues under

26 federal law when a plaintiff knows or has reason to know of the injury

27 which is the basis of this action.  Two Rivers v. Lewis, 174 F.3d 987

28 (9th Cir. 1999); Cabrera v. City of Huntington Park, 159 F.3d, 374,

                                    3

1    379-80 (9th Cir. 1998); <u>Vaughan v. Grijalva</u>, 927 F.2d 476, 480 (9th
2    Cir. 1991); <u>Norco Const., Inc. v. King County</u>, 801 F.2d 1143, 1145
3    (9th Cir. 1986); <u>Cline v. Brusett</u>, 661 F.2d 108, 110 (9th Cir. 1981);
4    <u>Gibson v. United States</u>, 781 F.2d 1334, 1344 (9th Cir. 1986).

5         "The general rule in tort law is that the claim accrues at the
6    time of the plaintiff's injury." <u>Davis v. United States</u>, 642 F.2d
7    328, 330 (9th Cir. 1981), <u>cert. denied</u>, 455 U.S. 919, 102 S.Ct. 1273,
8    71 L.Ed.2d 459 (1982). In certain cases, usually involving medical
9    malpractice or hidden injuries, the claim does not accrue until the
10   plaintiff knows or in the exercise of reasonable diligence should know
11   of both the injury and its cause. <u>Davis</u>, 642 F.2d at 330-31.
12   Discovery of the cause of one's injury, however, does not mean knowing
13   who is responsible for it. The "cause" is known when the immediate
14   physical cause of the injury is discovered. <u>Davis</u>, 642 F.2d at 331.
15   With knowledge of the fact of injury and its cause, the malpractice
16   plaintiff is on the same footing as any negligence plaintiff. The
17   burden is then on the plaintiff to ascertain the existence and source
18   of fault within the statutory period. It follows that diligence or
19   lack of diligence in these efforts is irrelevant. <u>Davis</u>, 642 F.2d at
20   331.

21        According to the Complaint, Plaintiff alleges on June 4, 2005,
22   Defendants John Doe officers unlawfully choked Plaintiff from behind
23   while another Defendant John Doe officer punched Plaintiff in the face
24   and placed handcuffs on him. Plaintiff was face down on the ground
25   while he was being punched by several Defendant John Doe officers.
26   Plaintiff alleges he lost consciousness, sprained his neck, bruised
27   his face, received abrasions on his head, and injured his back due to
28   the actions of Defendants Compton Sheriff's Department and Defendants

John Doe Sheriff's officers.   Plaintiff seeks monetary and punitive damages.

Plaintiff's claims against Defendants under §1983 began to accrue no later than June 4, 2005, as Plaintiff knew of or should have known at that time of the injuries that formed the basis of his claims. <u>Fink</u>, 192 F.3d at 914.  Absent tolling, the statute of limitations for Plaintiff's claims expired on June 4, 2007.  Plaintiff filed his Complaint on June 30, 2008, more than one year after the expiration of the limitations period.  Accordingly, Plaintiff's Complaint is time-barred under §1983.

## IV

### ORDER TO SHOW CAUSE

**IT IS THEREFORE ORDERED** that, on or before August 9, 2008, Plaintiff shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the Complaint based on the expiration of the statute of limitations.  Plaintiff's response must explain why the Complaint is not barred by the statute of limitations.

Plaintiff is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court dismiss the Complaint with prejudice based on expiration of the statute of limitations.


DATED: <u>July 9, 2008</u>                    _____
                                         VICTOR B. KENTON
                                         UNITED STATES MAGISTRATE JUDGE